Matter of Fine (2020 NY Slip Op 03660)





Matter of Fine


2020 NY Slip Op 03660


Decided on July 1, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
HECTOR D. LASALLE, JJ.


2019-00729

[*1]In the Matter of Craig A. Fine, admitted as Craig Albert Fine, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Craig A. Fine, respondent. (Attorney Registration No. 4366308)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by service and filing of a notice of petition and a verified petition both dated January 14, 2019, and the respondent served and filed a verified answer dated February 4, 2019. Subsequently, the parties filed a joint stipulation of disputed and undisputed facts. By decision and order on application of this Court dated April 12, 2019, the matter was referred to the Honorable Abraham Gerges, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 29, 2006, under the name Craig Albert Fine.



Diana Maxfield Kearse, Brooklyn, NY (Kathryn Donnelly of counsel), for petitioner.
Michael S. Ross, New York, NY (Eugene Gormakh of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated January 14, 2019, containing six charges of professional misconduct. Following a prehearing conference held on June 20, 2019, and a hearing conducted on August 13, 2019, the Special Referee filed a report dated November 10, 2019, in which he sustained all six charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent joins in the motion to confirm the report and asserts that, in view of the mitigating circumstances presented, the appropriate sanction is a public censure.
Charge one alleges that the respondent misappropriated client funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: The respondent maintains an attorney trust account at Capital One Bank, entitled "The Law Office of Craig A. Fine, P.C., IOLA Attorney Trust Account," account number ending in 6579 (hereinafter the escrow account). On August 15, 2016, the respondent should have been holding client funds entrusted to him as a fiduciary in 16 matters, incident to the practice of law, in the total amount of $258,248.84 in the escrow account. However, on that date, the balance in the escrow account was only $240,282.87, which was $17,965.97 less [*2]than the amount of client funds the respondent was required to maintain.
Charge two alleges that the respondent misappropriated client funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: The respondent represented the lender, Plaza Home Mortgage, in a mortgage refinance transaction on a property located in Staten Island for Anthony Musnicki and Christine Musnicki. On or about August 17, 2016, the respondent issued to himself an escrow check for $1,200, representing his legal fee in the Musnicki matter. There were no corresponding funds on deposit in the escrow account for the Musnickis when that escrow check cleared the account. The check cleared against other clients' funds on deposit in the escrow account.
Charge three alleges that the respondent misappropriated client funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: The respondent represented the lender, Alex Kazdan, in a mortgage payoff on a property located in Staten Island and owned by Vincent Geraldi and Georgianne Geraldi. On January 17, 2017, $227,100 was wired into the escrow account on behalf of the Geraldis. The respondent then issued an escrow check to the lender in the amount of $227,100, leaving no funds on deposit in the escrow account belonging to the Geraldis. On or about January 18, 2017, the respondent issued to himself an escrow check for $1,000, representing his legal fee in the Geraldi matter. On January 27, 2017, the check cleared the escrow account against other clients' funds on deposit in the escrow account.
Charge four alleges that the respondent commingled personal funds and client funds in the escrow account, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: The respondent deposited two checks in the amounts of $252,000 and $233,000 into the escrow account in the Kazdan matter on May 31, 2016, and June 16, 2016, respectively. On or about June 20, 2016, following the disbursement of funds in the Kazdan matter, the respondent's legal fee of $2,500 remained in the escrow account. At the time, the respondent was holding client funds entrusted to him as a fiduciary, incident to his practice of law, in the escrow account. The respondent failed to withdraw his legal fee from the escrow account until October 14, 2016.
Charge five alleges that the respondent commingled personal funds and client funds in the escrow account, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: The respondent and his partner, Shawn Seigel, invested in two properties located in New Jersey. Between October 24, 2016, and January 13, 2017, the respondent made five deposits into the escrow account, totaling $103,829, which represented nonfiduciary funds belonging to him and his partner relating to the New Jersey properties. At the time that the respondent made the deposits, he was holding client funds entrusted to him as a fiduciary, incident to his practice of law, in the escrow account.
Charge six alleges that the respondent failed to maintain separate accounts for client/third-party funds and his personal/business funds, in violation of rule 1.15(b)(1) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: Between October 23, 2016, and April 21, 2017, the respondent was holding nonfiduciary funds belonging to him and his partner in the escrow account. Between October 23, 2016, and February 10, 2017, the respondent paid expenses in connection with the New Jersey properties directly from the escrow account.
In view of the evidence adduced at the hearing and the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
In determining an appropriate measure of discipline, we find that the respondent failed to abide by the rules governing the maintenance of an attorney's escrow account by misappropriating fiduciary funds, failing to detect an escrow account deficiency for an extended period of time, improperly using his escrow account for investment transactions, and commingling personal funds with client funds in his escrow account. In mitigation, the respondent requests consideration, among other things, of the unintentional nature of the misappropriation, which resulted from his inadequate bookkeeping system; his remorse and acceptance of responsibility; the immediate efforts he made to rectify the consequences of his misconduct; the remedial record-keeping measures instituted; the substantial character evidence demonstrating that he is held in high regard as an honest and trustworthy individual; his volunteer activities in his community; his cooperation with the Grievance Committee; and his unblemished disciplinary record.
Under the totality of the circumstances, we find that a suspension from the practice of law for a period of 90 days is warranted.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and LASALLE, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Craig A. Fine, admitted as Craig Albert Fine, is suspended from the practice of law for a period of 90 days, commencing July 31, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 29, 2020. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Craig A. Fine, admitted as Craig Albert Fine, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Craig A. Fine, admitted as Craig Albert Fine, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court